# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| LENARD HARRIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CV408-052 |
| STATE OF GEORGIA and AL ST. LAWRENCE, et al., | ) ) ) ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

On March 17, 2008, Lenard Harris filed yet another in a long series of petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1.) He did not pay the $5 filing fee or move to proceed *in forma pauperis* ("IFP"). On March 21, 2008, the Clerk sent Harris a deficiency notice, which advised him to either pay the filing fee or move to proceed IFP. (Doc. 2.) He was given twenty days, or until April 10, 2008, to comply. (Id.) Harris did not respond to the notice by the April 10 deadline, so the Court recommended that Harris' case be dismissed. (Doc. 3.) On April 29, 2008,

---

[1] This is the fifth § 2254 petition filed by petitioner since 2005. All of his prior petitions were dismissed by this Court. See Harris v. St. Lawrence, No. 4:05cv152 (S.D. Ga. Oct. 4, 2005); Harris v. St. Lawrence, No. 4:06cv158 (S.D. Ga. Aug. 29, 2006); Harris v. St. Lawrence, No. 4:06cv173 (S.D. Ga. Oct. 16, 2006); Harris v. Sheriff, No. 4:07cv053 (S.D. Ga. Oct. 1, 2007).

Harris paid the $5 filing fee. Accordingly, the Court's prior recommendation of dismissal is **VACATED**, but the § 2254 petition should still be **DISMISSED** for Harris' failure to exhaust state court remedies.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). A state prisoner is required to allow the state court an opportunity to correct a constitutional error "by invoking one complete round of the State's established appellate review process" before a federal court may consider the case. Id. at 845.

Here, Harris concedes that he has an appeal pending in state court and that he has not yet petitioned the state for a writ of habeas corpus.[2] (Doc. 1 at 2.) By his own admission, Harris has not yet given the state the opportunity to meaningfully analyze his claims. As it "plainly appears from

---

[2] Harris admits that he has moved for a writ of habeas corpus in the U.S. District Court regarding his present detention. (Doc. 1 at 2.)

2

the petition . . . that the petitioner is not entitled to relief," the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, the Court's prior recommendation is **VACATED**, but this petition should be **DISMISSED** for lack of exhaustion.

**SO REPORTED AND RECOMMENDED** this _15th_ day of May, 2008.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA